IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION
1333 H St. NW
Washington, DC  20005,

    *Plaintiff*,

  v.

U.S. DEPARTMENT OF EDUCATION
400 Maryland Ave. SW
Washington, DC  20202,

    *Defendant.*

Case No. 17-cv-2609

## COMPLAINT

1. Plaintiff Democracy Forward Foundation brings this action against Defendant the United States Department of Education to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA"), and alleges as follows:

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(b) and 28 U.S.C. § 1391(e)(1).

### PARTIES

4. Plaintiff Democracy Forward Foundation is a not-for-profit organization incorporated under the laws of the District of Columbia and based in Washington, D.C.  Plaintiff works to promote transparency and accountability in government, in part by educating the public on government actions and policies.

5.      Defendant the United States Department of Education (the "Department") is a federal agency within the meaning of the FOIA, *see* 5 U.S.C. § 552(f)(1), that is headquartered in Washington, D.C. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6.      In November 2016, the Department promulgated final regulations "to protect student loan borrowers from misleading, deceitful, and predatory practices of, and failures to fulfill contractual promises by, institutions participating in the Department's student aid programs." *See* 81 Fed. Reg. 75,926, 75,926 (Nov. 1, 2016) (the "Borrower Defense Regulations"). Recognizing that, when postsecondary institutions partake in such practices, "student loan borrowers may be eligible for discharge of their Federal loans," the Borrower Defense Regulations

> give students access to consistent, clear, fair, and transparent processes to seek debt relief; protect taxpayers by requiring that financially risky institutions are prepared to take responsibility for losses to the government for discharges of and repayments for Federal student loans; provide due process for students and institutions; and warn students in advertising and promotional materials . . . about proprietary schools at which the typical student experiences poor loan repayment outcomes . . . so that students can make more informed enrollment and financing decisions.

*Id.*

7.      By their terms, the Borrower Defense Regulations were to become effective on July 1, 2017. *See id.*

8.      On May 24, 2017, the California Association of Private Postsecondary Schools ("CAPPS") filed suit to challenge certain aspects of the Borrower Defense Regulations. *See* Compl., *Cal. Ass'n of Private Postsecondary Sch. v. DeVos* ("*CAPPS*"), No. 17-cv-999 (D.D.C.

May 24, 2017), ECF No. 1.  CAPPS moved for a preliminary injunction just over a week later, on June 2, 2017.  *CAPPS*, ECF No. 6.

9. On June 14, 2017, citing the *CAPPS* lawsuit and the provision of the Administrative Procedure Act that permits an agency, under certain circumstances, to "postpone the effective date of action taken by it[] pending judicial review," 5 U.S.C. § 705, the Department postponed certain provisions of the Borrower Defense Regulations, *see* 82 Fed. Reg. 27,621 (June 16, 2017) (the "Delay Rule").[1]

10. That same day, CAPPS withdrew its motion for preliminary injunction.  *CAPPS*, ECF No. 21.

11. On June 16, 2017, Plaintiff submitted a FOIA request to the Department, via email, seeking the following:

   1. Any and all records that refer or relate to [CAPPS], including, but not limited to, communications sent to or from any individuals at CAPPS (including names of CAPPS-affiliated individuals listed herein).

   2. All communications, including any attachments, sent to or from the following individuals: Boris Bershteyn, Gregory Bailey, Robert Shapiro, Clifford Sloan, Caroline Van Zile.

   3. All communications, including any attachments, sent to or from any individuals from Bridgepoint Education, Inc., including, but not limited to, Andrew Clark, Chris Henn, Marc Brown, Kevin Royal, Anurag Malik, Diane Thompson, Vickie Shray, Tom McCarty, Robert Hartman, Patrick Hackett, Dale Crandall, Ryan Craig, and Victor K. Nichols.

   4. All communications, including any attachments, sent to or from Anthony Campau of the Office of Management and Budget.

---

[1] Although the Delay Rule was published in the Federal Register on June 16, 2017, it "was placed on public inspection on June 14, 2017." Defs.' Mot. for Summ. J. at 9, *Massachusetts v. Dep't of Educ.*, No. 17-cv-1331 (D.D.C. Dec. 1, 2017), ECF No. 56.

Ex. A (FOIA request) at 1-2; *see also id.* at 5 (listing "individuals affiliated with CAPPS for the purposes of Request No. 1"). Plaintiff limited its request to four offices at the Department (the offices of the Secretary, of the Deputy Secretary, of the Undersecretary, and of Postsecondary Education), and to the time period from January 20, 2017, to the date the search is conducted. *See id.* at 2.

12. On June 19, 2017, Plaintiff received an email from the Department acknowledging receipt of Plaintiff's FOIA request and assigning it tracking number 17-02001. *See* Ex. B (acknowledgment letter).

13. As of the date of this Complaint, the Department has failed to: (i) notify Plaintiff whether the Department will comply with Plaintiff's FOIA request, *see* 5 U.S.C. § 552(a)(6)(A)(i); (ii) assert whether the Department believes that "unusual circumstances" justify its delay, *see id.* § 552(a)(6)(B); or (iii) produce the requested records or demonstrate that they are lawfully exempt from production, *see id.* § 552(a)(6)(C). Nor has the Department notified Plaintiff of the scope of any responsive records the Department intends to produce or withhold and the reasons for any withholdings, or informed Plaintiff that it may appeal any adequately specific, adverse determination.

14. Because the Department has "fail[ed] to comply with the applicable time limit provisions" of the FOIA, Plaintiff is "deemed to have exhausted [its] administrative remedies." *See id.* § 552(a)(6)(C)(i),

## CLAIM FOR RELIEF

### Count One (Violation of the FOIA, 5 U.S.C. § 552)

15. Plaintiff repeats and incorporates by reference each of the foregoing allegations as if fully set forth herein.

16.     By failing to respond to Plaintiff's request within the statutorily prescribed time limit, Defendant has violated its duties under the FOIA, including but not limited to its duties to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information.

17.     Plaintiff is being irreparably harmed by Defendant's violation of the FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1.     order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

2.     order Defendant to produce, by a date certain, any and all nonexempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

3.     enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

4.     grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5.     grant Plaintiff such other relief as the Court deems just and proper.

Dated: December 7, 2017                    Respectfully submitted,

/s/ *Javier M. Guzman*
Javier M. Guzman (D.C. Bar No. 462679)
Adam Grogg (N.Y. Bar)*
Democracy Forward Foundation

1333 H. Street NW
Washington, DC  20005
(202) 448-9090
jguzman@democracyforward.org
agrogg@democracyforward.org

*Admitted in New York; practicing under the supervision of members of the D.C. Bar while D.C. Bar application is pending.

*Counsel for Plaintiff*